# UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF FLORIDA
### WEST PALM BEACH DIVISION
### www.flsb.uscourts.gov

In re:                                                    CASE NO. 12-32119-MAM

**JOHN MARK MARINO, a/k/a**
**RONALD M. HUNTER,**
                   Debtor.
_____/

**MARGARET J. SMITH, not individually but**
**as Chapter 7 Trustee of the Estate of Debtor,**
**John Mark Marino, a/k/a/ Ronald M. Hunter,**

          Plaintiff,

vs.                                                       ADV NO. 15-01466-MAM

**GOLDEN SUMMIT INVESTORS GROUP,**
**LTD, EXTREME CAPITAL, LTD,**
**CODDINGTON FAMILY TRUST, DANIEL**
**DIRK CODDINGTON, individually,**
**DANIEL SCOTT CODDINGTON,**
**individually, LEWIS P. MALOUF,**
**individually, MARY−RUTH, LLC, DAVID**
**GENECCO, individually, HIGHLAND**
**INVESTMENT PARTNERS, LLC,**
**AISHWARIYA ENTERPRISES, INC.,**
**VIVEK CHANDRAHASAN, individually,**
**VIEWPOINT SECURITIES, LLC, SETH**
**LEYTON, individually, ERWIN LAW**
**GROUP, P.C., JESSE ERWIN, individually,**
**STONEROCK CAPITAL GROUP, LLC,**
**MICHAEL COLUMBIA, individually,**
**JOANNA I. COLUMBIA, individually,**
**JOANNA I. ORNOWSKA, individually, J.R.**
**RICHARDSON INVESTMENTS, JIMMY L.**
**RICHARDSON, individually, WILSHIRE**
**ASSOCIATES, INC., DOMINICK**
**INVESTORS SERVICES CORP., BAWA**
**FINANCIAL, LTD., JOHN ANDRES**
**MORRISON, individually, PAUL**
**SHERMAN, individually, RAFAL**
**BRENNER, individually, SANDRA JOSEFA**
**DELEON, individually, MYKAEL**
**MORGAN, individually, RON**
**CORNFORTH, individually, VINCENT G.**

**FARRIS CO., L.P.A., VINCENT G. FARRIS, individually, GREG STODGILL, individually, IAN RUSSELL, individually, LECLAIR RYAN, JOHN DOES #1−100, JANE DOSES #1−100, ABC COMPANIES #1−100, ANDREW BERRONES, individually, BENJAMIN PENFIELD, individually, STACY M WIN, individually, KBA ASSETS AND ACQUISTIONS LLC, ROBERT HARVEY, individually, R. HIBSHAM, individually, MAGIC FINANCIAL GROUP, INC, SOUTHERN TRUST SECURITIES, INC, JAMES MORRISON, individually, IOTA MANAGEMENT LLC, SUZY PERAZA, individually, CEDE AND CO, ANGELO GORDON & CO, VFINANCE INVESTMENTS INC, NATIONAL SECURITIES CORPORATION, SCOTT SEBASTIAN, individually, WUNDERLICH SECURITIES INC FIXED INCOME CAPITAL MARKETS MBS BOOK, SYNOVUS SECURITIES INC RB, SHAWN O'KEEFE, individually, NFS/FMTC ROLLOVER IRA, NFS/FMTC SEP ERA, STEVEN SAFRAN TTEE, LEONARD BEAULIEU, individually, L2M VENTURES LP, GLEN MCINERNEY, individually, THERESA ANNE CHABOT, individually, J−HAWK II LTD, STERLING TRUST COMPANY, SUSANN KIM, individually, RAMON NUNEZ, individually, MICHAEL WIENCKOWSKI, individually, RENEE WIENCKOWSKI, individually, ALBERMINSTER HOUSE, MGE CORPORATION LIMITED, KAMANG ANSTALT, EASTWEST FINCON LTD, TAYLOR WILSON, individually, and 7608845 CANADA CORP,**

      Defendants.

_____/

## CHAPTER 7 TRUSTEE'S AMENDED MOTION FOR PARTIAL SUMMARY JUDGMENT AS TO COUNT X OF THE SECOND AMENDED COMPLAINT
### (Doc. 499)
*(Affected Defendant: Taylor Wilson, (in rem only))*

Plaintiff, MARGARET J. SMITH, not individually, but in her capacity as the duly appointed Chapter 7 Trustee **("Trustee")** pursuant to Bankruptcy Rule 7056, 11 U.S.C. sec. 544, 548 and 550 files this, her *Motion for Partial Summary Judgment, as to Count X of the Second Amended Complaint* and in support thereof would state as follows:

## I.    <u>OVERVIEW</u>

1.      This adversary proceeding has over the past decade with only 600 docket entries, including no docket entries during calendar year 2025.   The last substantive pleading was filed back on August 5, 2022 (*Second Amended Complaint (Doc. 499)*.   *It's time*.  It's time to conclude this adversary proceeding.   The Targeted CMO's[1] represent the final CMO assets uncovered by the Trustee to be monetized for the benefit of the creditors and the legitimate victims of the underlying fraud.

## II.    <u>BACKGROUND</u>

2.      On September 17, 2012, the Debtor filed a voluntary petition under Chapter 7. Ultimately, the Debtor's discharge was revoked pursuant to 11 U.S.C. sec 727 based on an action prosecuted by the Trustee.  (Adv. Case No. 13-01536-PGH).

3.      Nearly a decade ago to the day, on July 17, 2015, the Trustee filed this instant adversary proceeding.   On August 5, 2022, the Trustee filed her Second Amended Adversary Complaint (Doc. 499), which joined Taylor Wilson **("Taylor")** and 7608845 Canada Corp. **("Canada")** as Defendants.  At issue throughout these proceedings are the last vestiges of two

---

[1] All capitalized terms are as defined herein

CMOs with CUSIP Nos. **462264AA0** and **44985FAA1** and the proceeds thereof **("the Targeted CMOs")** currently held in a single account (Account # 230-37353) **("Targeted Account")** at BMO Nesbitt Burns **("BMO")** along with all proceeds, including interest and stock or other trades made in the Targeted Account.

4 .     Very early on, the Trustee was able to remove a companion action from Texas Bankruptcy Court with the consent of Hon. Barbara J. Houser (ret.) thereby securing ownership rights to the entire panoply of Collateralized Mortgage Obligations **("CMOs")** as well as other collateralized loan obligations.   Specifically, on September 2, 2016, by entry of a *Default Final Judgment* by former Chief Judge Paul Hyman (Case No. 15-01330-PGH) an adjudication was made that this bankruptcy estate owned the Targeted CMOs, which ultimately ended up in the subject Account.

5.     On July 6, 2020, the Trustee obtained a Temporary Restraining Order (Doc. 450), enjoining BMO a wholly owned subsidiary of Bank of Montreal from further transferring CUSIP No. 462264AAO which had a notational value of $3,284,000,000 and CUSIP No. 44985FAA1 which had a notational value of  $4,000,000,000 dollars (previously described as the Targeted CMOs); and (iii) further enjoining BMO from transferring any cash balances or accumulated interest thereon related to the Targeted Account generated from the Targeted CMOs. Subsequently, on August 13, 2020, the Trustee obtained another *Temporary Restraining Order* (Doc. 461) followed  on August 27, 2020 with *Preliminary Injunctive Relief* (Doc. 463) also enjoining BMO regarding the same Targeted CMOs in the same Targeted Account.

6.     Next, the Trustee sought to identify and locate the beneficial owners of the subject investment vehicles. As evidenced from the exhibits *supra*, the Targeted CMOs were bounced from one brokerage house to another to knowingly frustrate the efforts of the Trustee to subsequently

freeze the Targeted CMOs and the resulting interest payments they produce on a monthly basis. The Targeted CMOs were ultimately traced to the last known securities broker dealer in this case BMO **, so** the repetitive Restraining Orders and Injunctive Relief served its intended purpose.

7. Upon review of the responses to discovery responses, it became clear that Taylor is the ultimate beneficial owner of the Targeted CMOs last located in his Targeted Account which were incorporated in Count X of the Second Amended Adversary Complaint**.**

8. In response to a series of subpoenas issued by this Court, BMO has produced voluminous documents including but not limited to monthly statements for the Targeted Account, has dutifully complied with Orders of this Court and continues to hold the Targeted CMO's along with the accumulated monthly interest and resulting assets, awaiting further instructions from this Court.

9. As early as October 20, 2020 ***Taylor Wilson acknowledged and was made directly aware*** of the Temporary Restraining Order as clearly indicated in a series of emails between Taylor and BMO (attached hereto as **Exhibit (i)).**

10. The Targeted CMOs were located at BMO and traced back to the underlying fraud to claw back the ill-gotten funds, interest thereon and any other non-fungible assets. (See para 64 of 2nd Amended Complaint.) Taylor Wilson is clearly identified in his Canadian passport photograph (attached hereto as **Exhibit (ii)).**

11. **Exhibit 1** to the Second Amended Complaint (Doc. 499) is a CMO Movement Timeline compiled from discovery received from the Depository Trust & Clearing Corporation ("DTC") which tracks the movement of the Targeted CMOs. Each transfer shown in the Movement Timeline corresponds with the underlying data and evidence under the "Comments" section of the Movement Timeline, where the exact data can be located within a particular exhibit. (See para 65 of 2nd Amended Complaint.)

12.      **Exhibits 1A - 1D** to the Second Amended Complaint (Doc. 499) are the Golden Summit and BAWA Statements of Account from Viewpoint Securities (Penson) showing the movement of the Targeted CMOs.  (See para 66-68 of 2nd Amended Complaint.) These entities were the subject of the initial prosecution in Adv. Case No. 15-01330-PGH.

13.      **Exhibit 2A and Exhibit 2B** to the Second Amended Complaint (Doc. 499) is the Tracking Detail compiled from data provided to the Trustee by the DTC detailing the movement of the Targeted CMOs.  (See para 69 of 2nd Amended Complaint.)

14.      **Exhibit 3** to the Second Amended Complaint (Doc. 499) is a demonstrative exhibit in which the DTC data was extracted from the prior exhibits.  (See para 70 of 2nd Amended Complaint.)

## III. <u>DUE PROCESS</u>

15.      Nearly a year ago, on July 19, 2024 the Trustee's international process server sought to obtain jurisdiction over Taylor (i) by USPS Registered Mail (iii) as well as purportedly under the Hague's Central Authority guidelines for international service of process in the Province of Quebec, Ontario, Canada.  Taylor was sent (a) the Third Pluries Summons, (Doc. 557) (b) Order Setting Scheduling Conference (Doc. 555) and (c) the Second Amended Complaint (Doc. 499) with Exhibits. (See email from Judicial Process and Support dated July 22, 2024 and attached hereto as **Exhibit (iii)).**  In fact, despite numerous mailings generated by these proceedings, no item of service has ever been returned as "Not at This Address" nor have any items served been returned as "Unclaimed" to Trustee's co-counsel.   (Judicial Process for service of the Registered Documentation including photocopies thereof are included as **Composite Exhibit (iv)).**

16.      While strict service of process under the Hague Convention has proven to be

ineffective in this case—it is *NOT* fatal.  Service through the central authority of the destination state is just *one* way to effectuate service under the Hague Service Convention, but not the only way. Article 10(a) of the Hague Service Convention explicitly provides that, if [Canada] does not object, the Hague Convention does not change the freedom to send judicial documents, by postal channels, directly to persons abroad.  Canada does not object overall to this process.  Service by mail to a Canadien of bankruptcy court documents is appropriate.  The last monthly brokerage statement produced for the Targeted Account is held by Taylor at the street address he has repetitively been served at throughout this entire adversary case (See **Exhibit (v)**.

## IV. <u>LEGAL ARGUMENT</u>

17.    Due process requires that persons whose property interests are at risk due to government action receive notice and an opportunity to be heard. <u>*Thomas v. United States, 681 Fed. Appx. 787, 790 (11th Cir. 2017)*</u>.  The notice must be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Id.*, (*citing* <u>*Mullane v. Cent. Hanover Bank & Trust Co., 339 U.S. 306, 314, 70 S. Ct. 652, 94 L. Ed. 865 (1950)*</u>.

18.    For service outside the United States, the initial inquiry is how to effectuate appropriate service.  The transmittal of documents for service abroad must be made pursuant to the provisions of the Hague Service Convention. <u>*Volkswagenwerk Aktiengesellschaft v. Schlunk, 486 U.S. 694, 705, 108 S. Ct. 2104, 100 L. Ed. 2d 722 (1988)*</u>.

19.    However, there is an alternative!  Whether to invoke the approach of the Hague Convention, depends in great part on the foreign country itself.  Here, we are dealing with our

neighbor to the North: Canada. So, the question is, can bankruptcy documents be served by mail on Canadiens pursuant to the exception contained in Article 10(a) of the Hague Service Convention?

20.      The answer is in the affirmative.

21.      "If the State of destination [Canada] does not object, the Hague Convention does not change the freedom to send judicial documents, by postal channels, directly to persons abroad." _TracFone Wireless, Inc. v. Sunstrike Intern., Ltd., 273 F.R.D. 697, 699 (S.D. Fla. 2011)_ (citing _TracFone Wireless, Inc. v. Bequator Corp., Ltd., 717 F. Supp. 2d 1307, 1309 (S.D. Fla. 2010)_. "[T]he United States and Canada are both signatories to the [Hague Service] Convention. [1969] 20 U.S.T. 361, T.I.A.S. No. 6638, the terms which govern such cross-border service of process are set forth thereunder." _Jerge v. Potter, No. 99-CV-0312E(F), 2000 U.S. Dist. LEXIS 11648, 2000 WL 1160459, * 1 (W.D.N.Y. Aug. 11, 2000)_.

22.      Since Canada does not object at all to Article 10(a), accordingly, Canada permits service by international express mail. _See, e.g., Girafa.com, Inc. v. Smartdevil Inc., 728 F. Supp. 2d 537, 543 (D. Del. 2010)_ ("Under Article 10 of the Hague Convention, Canada does not object to service by postal channels."); _McCormick v. Apache, Inc., No. 5:09CV49, 2009 U.S. Dist. LEXIS 84181, 2009 WL 2985470, *2 (N.D. W.Va. Sept. 15, 2009)_ ("Canada, the destination country in this case, does not object to service under Article 10."); _Anderson v. Canarail, Inc., No. 05 CV 3828, 2005 U.S. Dist. LEXIS 22544, 2005 WL 2454072,* 4 (S.D.N.Y. Oct. 6, 2005)_ (Hague Convention allows service by mail in Canada); _Sibley v. Alcan, Inc., 400 F. Supp. 2d 1051, 1055 (N.D. Ohio 2005)_ ("service of process by registered mail ... to a Canadian defendant is permitted by Article 10(a)"); _Dimensional Communications, Inc., v. Oz Optics Ltd., 218 F. Supp. 2d 653, 656 (D. N.J. 2002)_ (finding Canada allows methods of service in Article 10 of the Convention); _See also_, State

Department circular, *http://travel.state.gov/law/judicial/judicial-682.html*, (stating "The last direct method of serving U.S. legal documents in Canada is by International Registered Mail. The text of the Hague Service Convention refers to "judicial documents."

23.    The late Bankruptcy Chief Judge A.J. Cristol, when considering service of court documents by mail in *In re Falcon Air Exp., Inc., No. 06-11877-BKC-AJC, 2008 Bankr. LEXIS 1463, 2008 WL 2038799, *4 (Bkrtcy. S.D. Fla. May 8, 2008)* held that service was sufficient where it "was reasonably calculated to insure receipt of the subpoena by the witness."

24.    Any confusion over service by mail under the Hague Service Convention was finally put to rest by the Supreme Court in *Water Splash v. Tara Menon 137 S. Ct. 1504 (2017).* Water Splash involved the service of Texas state court papers on Menon via mail, while she resided in Quebec, Canada.  Justice Alito wrote the opinion for *a unanimous* Court which concluded by stating,

   "To be clear, this [holding] does not mean that the [Hague] Convention affirmatively authorizes service by mail. Article 10(a) simply provides that, as long as the receiving state does not object, the Convention does not 'interfere with… the freedom' to serve documents through postal channels. In other words, service by mail is permissible if two conditions are met: first, the receiving state has not objected to service by mail; and second, service by mail is authorized under otherwise-applicable law."

25.    States may still object to service by mail.  By way of example, Germany does not permit service by mail and that remains unchanged post *Water Splash.*  As for Canada, service by mail remains appropriate.

## V.    **CONCLUSION**

26.    It is certain that Taylor Wilson is fully-aware of these proceedings and that the cash proceeds from the Targeted CROs in the Targeted Account, previously frozen by this Court, continue to be held by BMO.  The Targeted CMOs in the Targeted Account presently in the name of Taylor Wilson, should be divested of the ill-gotten assets in the Targeted Account.

**WHEREFORE**, Plaintiff, Margaret J. Smith, Chapter 7 Trustee, respectfully requests relief as follows:

A.  Recognition that service by registered mail is sufficient service on Taylor Wilson under Article 10(a) of the Hague Convention with specific application on service of process in Canada;

B.  Confirmation that this Court has competent jurisdiction as it has a real and substantial connection to the subject matter and the parties involved;

C.  Granting Partial Summary Judgment as to Count X of the Second Amended Complaint in favor of the Trustee and against Taylor Wilson, as it relates to the Targeted Account;

D.  Converting the July 30, 2020, Restraining Order (Doc. 459) into a permanent injunction by way of a final judgment thereby determining that all assets in the Targeted Account held by BMO are property of this bankruptcy estate more particularly described as the Targeted Account, along with all non-cash assets, cash balances and accumulated interest thereon, which are all subject to turnover to the Trustee;

E.  Providing *in rem* relief as it relates to the Targeted Account;

F.  Permit the Trustee to domesticate this Court's final judgment as a foreign judgment in Canada so that it will be granted full faith and credit as a duly issued Canadian judgment;

G.  Following complete domestication in Canada, authorizing the Trustee to direct all aspects of the timing and terms to liquidate stock and other non-cash investment assets in the Targeted Account at BMO; and

H.  Such other and further relief as may be just and proper

Respectfully submitted,

*/s/ Roy S. Kobert*

Fla. Bar No. 0777153
Roy Kobert Law, PLLC
408 Jennie Jewel Drive
Orlando, FL 32806
*Special Counsel for Chapter 7 Trustee,*
*Margaret J. Smith*

## <u>CERTIFICATE OF SERVICE</u>

**I HEREBY CERTIFY** that a copy of the foregoing was served on July 10, 2025, by electronic transmission via the Court's CM/ECF system and (a) by First Class, USPS Registered Mail; (b) via UPS overnight mail and (c) via email to Defendants, Taylor Wilson at the address listed below.

**Electronic Mail Notice List**

The following is the list of **parties** who are currently on the list to receive email notice/service for this case or require a courtesy copy

- **Roy S Kobert**    roykobertlaw@gmail.com, roy@kobertmediation.com\
- **Margaret Smith**  msmith@mjstrustee.com
- **Charlie Lembcke**  cbl@cbllaw.com
- **Ronald Shindler**  RShindler@fowler-white.com
- **Steven S Newburgh**    ssn@newburghlaw.net
- **Patricia A Redmond**    predmond@stearnsweaver.com, jmartinez@stearnsweaver.com;cgraver@stearnsweaver.com;jless@stearnsweaver.com;mfernandez@stearnsweaver.com
- **Eyal Berger**  eyal.berger@akerman.com  **Counsel to BMO**

**Manual Notice List**

The following is the list **party** who is **not** on the list to receive email notice/service for this case (who therefore require manual noticing/service in the form as indicated above):

**Taylor Wilson**
208-264 Seaton St
Toronto, Ontario, M5A-2T4, CANADA

And via email Taylor.Wilson@gmail.com


  */s/ Roy S. Kobert*

  ROY S. KOBERT, ESQ.
  Fla. Bar No. 0777153